UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

ANTHONY E. BELL,

            Plaintiff,        CIVIL NO.: _____

v.

                                              **COMPLAINT**

ADVANTAGE COLLECTION
PROFESSIONALS, INC.,

                                       **JURY TRIAL DEMANDED**

            Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Anthony E. Bell (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Advantage Collection Professionals, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 495 2nd Avenue SE, Cambridge, MN 55008 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to June 2011, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On or about June 29, 2011, Defendant called and left a voicemail on Plaintiff's answering machine. The message stated, in relevant part, "Hey Anthony, this is Mike Smith calling from Advantage Collection Professionals, please contact me at [number]." The message did not indicate that the purpose of the telephone call was in fact an attempt to collect a debt.

9. The conduct of Defendant is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, and 1692e(11) amongst others.

### Respondeat Superior Liability

10. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further

described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

11. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

12. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

13. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

14. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, and embarrassment amongst other negative emotions. Plaintiff has suffered physical manifestations of stress, including headaches,

and sleeplessness. Defendant's conduct has also resulted in negative impacts on the quality of Plaintiff's work.

16. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

22. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

23. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                                MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  July 27, 2011
                                _s/ Mark L. Vavreck_____.
                                Mark L. Vavreck, Esq.
                                Bar Number #0318619
                                Attorney for Plaintiff
                                Martineau, Gonko & Vavreck, PLLC
                                Designers Guild Building
                                401 North Third Street, Suite 600
                                Minneapolis, MN 55401
                                Telephone:  (612) 659-9500
                                Facsimile:  (612) 659-9220
                                mvavreck@mgvlawfirm.com